## S. E. JONES & SON *v.* CHEROKEE IRON COMPANY.

1. PLEADING AND PRACTICE. *Charge of court as to matters of fact.* Under the State Constitution, Art. 6, sec. 9, that " judges shall not charge jurors with respect to matters of fact," this court has invariably held that judges are forbidden to instruct the jury upon the weight of evidence, or as to the conclusion to which it must bring their minds.

2. SAME. *Same.* A charge, therefore, to the jury that the plaintiff is entitled to recover the amount of the note sued on with interest, and you will so return your verdict, is erroneous.

3. SAME. *Same.* *Reversal.* The error of such a charge has been held not sufficient to require a reversal in several cases in which the verdict and judgment were in favor of the defendant below, and it clearly appeared that the plaintiff could in no event be entitled to recover, and the same rule would no doubt be applied where the verdict and judgment were in favor of the plaintiff, if it clearly appeared that the defense could in no event be maintained.

4. SAME. *Same.* It cannot be said that there was no disputed fact to be submitted to the jury, where the matter in controversy was whether goods were sold by sample, and the defendant introduces proof tending to show that the sale was by sample, and that the article received was not equal to the sample.

---

### FROM DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

PILCHER & WEAVER for Iron Company.

ALLEN & COVINGTON for Jones & Son.

COOPER, J., delivered the opinion of the court.

Action commenced before a justice of the peace by the Iron Company against Jones & Son. The plaintiff

below recovered judgment, and the defendant appealed in error. The Referees have reported in favor of reversing the judgment for error in the charge of the court, and expressing the opinion that the defendant was entitled to the difference between the article intended to be bought, and the article furnished. The Iron Company except.

The charge of the court to the jury was in these words: "That the plaintiff in this case is entitled to recover the amount of the note together with interest thereon from maturity up to the present time, and you will so return your verdict." This charge undertakes to say to the jury, in so many words, that the plaintiff's evidence makes out his case, and that the defendant's evidence amounts to nothing. In other words, the judge finds the facts, and leaves the jury to return a verdict accordingly. By our State Constitution, Article 6, section 9, it is expressly provided: "Judges shall not charge juries with respect to matters of fact." This court has invariably held that, under this clause of the Constitution, judges are prohibited from instructing the jury upon the weight of evidence, or as to the conclusion to which it must bring their minds: *Johnson* v. *State*, 2 Hum., 283; *Ivey* v. *Hodges*, 4 Hum., 154; *Gregory* v. *Underhill*, 6 Lea, 211.

The Referees were clearly right, therefore, in holding that the charge was erroneous. The plaintiff below excepts to this part of the report, because "the Referees fail to show the fact that there was no disputed fact, and therefore no issue, and because they also fail to report that, even according to their own showing,

the defendants below were not entitled to any abatement of the note." The object of the exception is to make the point that the error of the charge is not sufficient to reverse on if it appears that the defendant has no defense. This court has occasionally acted upon this rule where the verdict and judgment were in favor of the defendant, and it clearly appeared that the plaintiff could in no event be entitled to a recovery according to his own showing: *Robinson* v. *Railroad Company,* 2 Lea, 594; *Gregory* v. *Underhill,* 6 Lea, 211. The reason why the decisions are all in cases where the judgment has been in favor of the defendant is obviously because the plaintiff's case is more readily reducible to a single point. The defendant may rely upon the weakness of his adversary's case, as well as upon his defenses proper, and it can rarely happen that his rights turn upon a single point. If, however, the case should occur that the defense was narrowed to a point, and was clearly not sustained by the proof, the same rule would no doubt be applied. The mere fact that all of our decided cases are of the class mentioned would not, therefore, be conclusive of the present case. The petition for rehearing to that extent, if the decision already made turned upon that fact, would be well taken. But no case can fall within the rule which is not perfectly clear.

The argument of the defendant in error is that the execution of the note sued on was admitted, and that there was no disputed fact. The matter of controversy in the case was whether the sale of the iron, for which the note was given, was by sample or not.

The contention of the Iron Company is now that the sale was not by sample. But G. T. Jones, one of the plaintiffs in error, who made the trade with the agent of the Iron Company, testifies that the note sued on was given by him for iron bought by sample. "The sample," he says, "by which he made his order, was No. 1 foundry iron. Told Mr. Alexander (the company's agent) that he wanted the iron to make castings and hollow-ware. Can't make them out of any other than No. 1 foundry iron. Any other iron is too hard. Ordered a car load." And in the first letter of Jones & Co. to the Iron Company on the subject, they say: "We noticed before using it (the iron sent) that it did not look like the sample your Mr. Alexander showed us of your No. 1 foundry iron and by which we gave him our order." In their reply to this letter the iron company admit that a mistake might have been made, and say: After giving the iron a thorough trial, please report, and we will endeavor to arrange a settlement with you that shall be satisfactory." The proof is that this proposition was acted on by making an actual test of the iron for the purposes for which it was bought, and the company advised of the unfavorable result. No satisfactory arrangement was ever made. Even if the fitness of the iron could have been ascertained, as there is testimony tending to show, without the actual test, the plaintiffs in error were entitled to make the "thorough trial" proposed by the company. The jury may find, upon a proper charge, as the Referees certainly have, that the sale was by sample, and that

Jones & Co. are entitled, upon the ground of failure of consideration, to a deduction from their note of the difference between the price, as agreed upon at the time, of No. 1 foundry iron, and the value of the iron actually received. There are disputed facts to be submitted to the jury.

Petition for rehearing disallowed.